LEAVITT HALLOCK & another *vs.* INHABITANTS OF THE COUNTY OF FRANKLIN.

Although a highway is discontinued before it is opened or worked, or any contract is made to work it, yet a party, who sustains damages by such discontinuance, is enti-tled to recover those damages.

If a party, when a jury is empannelled to try his cause, knows of a legal objection to one of the jurors, but does not then object to him, he waives the objection, and cannot avail himself thereof after a verdict is returned against him.

THIS was a proceeding on a petition to the county commis-sioners of Franklin for a jury to assess damages sustained by the petitioners, by the discontinuance of a highway in Hawley. A jury was ordered and empannelled, who returned a verdict, awarding damages to the petitioners.  Upon the return of the verdict to the court of common pleas, the respondents moved that it should be set aside, for the reasons hereinafter mentioned in the opinion of the court.  This motion was overruled by *Williams,* C. J. and the verdict was accepted and ordered to be certified, with the adjudication thereon, to the county com-missioners.  The respondents alleged exceptions.

This case was argued at the last September term.

*Wells & H. G. Newcomb,* for the respondents.

*Grennell & Aiken,* for the petitioners.

SHAW, C. J. On the discontinuance of a highway, the petitioners claimed damages, and ultimately had a jury to assess them, who returned a verdict in their favor. Two exceptions were taken by the county to the allowance of this verdict. 1. Because the sheriff refused to instruct the jury, on their motion, that the petitioners could not have any damages awarded to them by the jury, under the statutes of the Commonwealth, for the discontinuance of a highway located over their lands, which was discontinued before any part of it had been worked or put under contract, and before any timber had been taken off, or fences made ; although an order had passed for its construction The court are of opinion that the sheriff decided right, in declining to give the instruction prayed for, and that such instruc tion would have been erroneous. By the judgment establishing and locating the highway, before any act done towards fitting it for use, the rights of the parties are fixed and vested, and the public acquire a right to the public easement, as long as it shall be their pleasure to use it ; and the right of the owner of the land, over which it passes, to his compensation, is complete *Harrington* v. *County Commissioners of Berkshire*, 22 Pick. 263. *Westbrook* v. *North*, 2 Greenl. 179. *Hampton* v. *Coffin*, 4 N. Hamp. 517. The way becomes a highway from the adjudication, and the right of the public becomes complete ; although before the liabilities of the town, for damages which may be sustained by travellers, attach to it, some time must necessarily be allowed to fit it for actual travel, and some actual or constructive notice must be given that it is so fitted and opened for travel. The subsequent discontinuance of the highway, whether very soon after it has been established by the adjudication, or after a long lapse of time, is a new, substantive, distinct official act. It does not rescind nor annul the former proceeding, but it assumes its continued existence as the basis of the discontinuance.

Then, the statute on the subject is express and explicit, that " if any damage shall be sustained by any persons in their property, by the laying out, altering, or *discontinuing* of any highway," the amount of such damage shall be estimated, &c. and paid from the county treasury. Rev. Sts. *c.* 24, § 11.

The statute contemplates that damage may be done to individual proprietors by the discontinuance. But it is only in case of actual damage; and even then, any counterbalancing benefit may be taken into consideration, to reduce or compensate any actual damage. Rev. Sts. *c.* 24, § 31. But the right to receive damage does not depend, as the exception supposes, upon the fact of the road having been opened or worked, or laid under contract, but on the fact that damage has been sustained. * The owner, upon the faith of the adjudication, may have erected a mill or a tavern, or removed his buildings or fences, or otherwise incurred expense, in adapting the condition of his estate to the highway. All this, however, is matter of fact to be inquired into; and an instruction which would confine the inquiry to the case of the highway being opened, or fitted for travel, or put under contract for this purpose, would, in our opinion, not be warranted by law.

2. The other objection, founded on Rev. Sts. *c.* 95, § 2, that a special county commissioner, being exempted by law from serving as a juror, was included in the panel for the trial of the case before the sheriff, would undoubtedly have been good, if it had been seasonably taken. It is conceded that the respondents knew, at the time of the empannelling of the jury, that the juror in question was a special county commissioner. By not taking the exception at that time, they have waived it. *Howland* v. *Gifford*, 1 Pick. 43, *note*. *Merrill* v. *Inhabitants of Berkshire*, 11 Pick. 269. *Fox* v. *Hazelton*, 10 Pick. 275. And this rule is founded on good reason. A party litigant, knowing of matter of personal exception to a juror, lies by, taking his chance for a favorable verdict. If when that verdict is against him, he could go back and take the exception, it would work great injustice. By consenting to go on, with a knowledge of the exception, he consents to abide the result, whether favorable or unfavorable. The fact that a juror was a county commissioner would not be likely to induce a belief that he would have prejudices unfavorable to the interests of the county, however he might be regarded in this respect by the other party, if known

* See *St.* 1842, *c.* 86.

to them ; and the county might be very willing that he should serve, notwithstanding the mere formal and technical exception. But by the rules of law, the result must have been the same, had the exception been of a different character, and one of which the respondents might be presumed to have been more ready to avail themselves.

*Exceptions overruled, and judgment of the court of common pleas affirmed.*